QUESTION: Does s. 286.23(1), F.S. (1974 Supp.), relating to land transaction disclosure apply to land which is being donated or dedicated to the county — when no compensation is paid or given — for public uses and purposes such as schools, fire stations, road rights-of-way, easements, and parks?
SUMMARY: The land transaction disclosure requirements of s.286.23(1), F.S. (1974 Supp.), are not applicable to the dedication or donation by a developer of real property to be used for public purposes such as schools, fire stations, easements, road rights-of-way, etc. Section 286.23(1), F.S. (1974 Supp.) (Ch. 74-174, Laws of Florida), provides in pertinent part: Any person or entity holding real property in the form of a partnership, limited partnership, corporation, trust, or any form of representative capacity whatsoever for others, except as otherwise provided in this section, shall, before entering into any contract whereby such real property held in representative capacity is sold, leased, taken by eminent domain, or otherwise conveyed to the state or any local governmental unit, or an agency of either, make a public disclosure in writing, under oath and subject to the penalties prescribed for perjury, which shall state his name and address and the name and address of every person having a beneficial interest in the real property, however small or minimal. (Emphasis supplied.) Since neither donation nor dedication is specifically mentioned in s. 286.23(1), the question becomes whether donation and dedication are encompassed by the above-emphasized term, "or otherwise conveyed." The breadth of this term was considered in AGO 075-238. In that opinion it was emphasized that the term must be read in light of and in conjunction with the remainder of the sentence in which it appears, and it was particularly pointed out that where a general term — such as "or otherwise conveyed" — follows or is associated with specific terms — such as "sold," "leased," or "taken by eminent domain" — the scope of the general term is limited by the nature and scope of the specific terms. Thus, it was held in AGO 075-238 that: . . . The phrase "or otherwise conveyed" appearing in s. 286.23(1), F.S. (1974 Supp.), should be construed to embrace only those types of conveyances or transfers of land, or an interest therein, to governmental agencies which involve consideration of payment or promise of payment of a certain price or rent, and to exclude gifts and gratuitous transfers of real property to public agencies. Black's Law Dictionary (4th Rev. Ed. 1968), p. 576, defines donation as, simply, "a gift." In Bouvier's Law Dictionary (3rd Revision 1914), p. 924, donation is defined as "[t]he act by which the owner of a thing voluntarily transfers the title and possession of it from himself to another person, without any consideration." (Emphasis supplied.) And in Forsyth v. Reynolds, 56 U.S. 358, 365 (1853), the United States Supreme Court stated: "A donation is a gift and gratuity, and not a grant of land founded on a consideration. . . ." The following definition of dedication is provided in 26 C.J.S. Dedication s. 1: A "dedication" or "public easement" in land may be generally defined as its devotion to a public use, by an unequivocal act of the owner of the fee, manifesting the intention that it shall be accepted and used presently or in the future for such public purpose; the appropriation or gift by the owner of land, or of an easement therein, for the use of the public. And in 23 Am. Jur.2d Dedication s. 1, it is stated that "[d]edication is the intentional appropriation or donation of land, or of an easement or interest therein, by its owner for some proper public use." Since AGO 075-238 held that the disclosure requirements of s. 286.23(1), supra, apply only to those transactions involving "consideration of payment or promise of payment of a certain price or rent," and that gifts and gratuitous transfers of real property are excluded from the statute's requirements, I am of the opinion that disclosure is not required when — without consideration — a developer dedicates, or donates to a county, real property to be used for public uses and purposes such as schools, fire stations, easements, road rights-of-way, etc. Your question is, therefore, answered in the negative.